IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|   |   |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Criminal Case No. DKC 10-109 |
| | : Civil Action No. DKC 15-0606 |
| | Civil Action No. DKC 18-2505 |
| MARCO A. WILLIAMS | : |
| | : |

**MEMORANDUM OPINION**

Currently pending and ready for resolution are (1) a motion to reconsider the denial of an earlier motion to vacate, (ECF No. 139), (2) a second motion to vacate under 28 U.S.C. § 2255, (ECF No. 140), and (3) an amended motion to correct sentence under 28 U.S.C. § 2255 filed on behalf of Petitioner Marco A. Williams, (ECF No. 150-1).  Mr. Williams asserts that he is no longer an armed career criminal because the Circuit Court for Charles County vacated his prior conviction for distribution of cocaine, one of the three prerequisite convictions.  The Government opposes the motion to vacate.  For the following reasons, the motion for reconsideration will be granted and the first motion under § 2255 will be reopened.  Moreover, because one of Mr. Williams' prior convictions has been vacated, the motion to vacate, set aside, or correct sentence will be granted.

**I.   BACKGROUND**

The rather long history of litigation of post-conviction motions need not be recited in full, although, due to the timeliness and due diligence issues involved in resolving the current motions, some detail is necessary.  Mr. Williams pleaded guilty to two counts of being a felon in possession of a firearm and immediately was sentenced on February 25, 2013, as an armed career criminal, and pursuant to a plea under Fed.R.Crim.P. 11(c)(1)(C).  The parties stipulated that Mr. Williams was an armed career criminal and agreed to a 216-month sentence.  The court dispensed with the preparation of a full pre-sentence report, but a pre-plea criminal history report was available.[1] The prior convictions supporting the ACCA finding all occurred in the Circuit Court for Charles County:  assault with intent to maim, CR 94-314, attempted second degree murder, CR 94-335, and distribution of cocaine, 94-660.  Mr. Williams noted an appeal, which was dismissed December 5, 2013.  He filed his first § 2255 motion on March 3, 2015, attacking his armed career criminal sentence in a variety of ways.  (ECF No. 109).  Included in the petition was a request to employ the "stay-and-abeyance" procedure to protect the timeliness of the petition because Mr. Williams had filed a writ of error coram nobis petition in

---

[1] A post sentence report was prepared and filed along with a motion to seal.  (ECF Nos. 151; 152).  The motion to seal will be granted.

2

Charles County attacking all three of his 1994 convictions. (ECF No. 109, at 11).  The Government was directed to respond, and it did so.  It first asserted that the petition was not timely, but the court rejected that assertion and directed the Government to respond to the merits.  It filed a second response.  Not quite a year after the Supreme Court of the United States decided *Johnson v. United States*, 135 S.Ct. 2551 (2015), Mr. Williams filed an amended motion.  (ECF No. 117). Counsel was appointed, and a supplement was filed. (ECF No. 124).

On November 27, 2017, the motion to vacate was denied, and Mr. Williams' contentions in the amended motions that his prior convictions for assault with intent to maim and attempted second degree murder no longer qualified as violent felonies were rejected.  (ECF No. 137; 138).  Mr. Williams filed a motion to reconsider, on December 27, 2017, arguing that the court had failed to address all of the issues raised in his original § 2255 motion, which was, he asserted, being held in abeyance in any event.  (ECF No. 139).[2]  The Government did not respond to that motion, and it remains pending.

---

[2] The original § 2255 motion asserted (1) ineffective representation for failing to review the pre-plea report with him before advising to plead guilty, (2) ineffective representation for failing to object to the pre-plea report regarding the 1994 convictions, (3) ineffective representation for failing to explain the ACCA, (4) the court erred in sentencing him under the ACCA, (5) court erred by failing to

Mr. Williams filed an additional motion to vacate on August 13, 2018, (ECF No. 140), asserting that he is no longer an armed career offender because his conviction for distribution of cocaine was vacated by the Circuit Court for Charles County. After the appointment of counsel, a motion for leave to amend was filed.  (ECF No. 150).  The Government responded.  (ECF No. 154).  Mr. Williams replied.  (ECF No. 157).  He later filed a letter advising of a recent opinion.  (ECF No. 158).

The Government has a variety of arguments in response. First, it argues that, because Petitioner pleaded guilty to two counts of felon in possession of a firearm, each carrying a potential 120 months for a non-armed career offender sentence, the statutory maximum was 240 months, higher than the 216 months Petitioner received.  Next, the Government argues that the sentence was not a miscarriage of justice in light of the other pending charges, including two counts under 18 U.S.C. §924(c), and relies on the fact that the parties entered into the 11(c)(1)(C) plea only after litigation of pretrial motions.

---

verify that petitioner discussed with counsel the pre-plea report, (6) court erred in sentencing him under the ACCA because his prior convictions didn't qualify, (7) counsel was ineffective for failing to file a writ of error coram nobis, (8) the court should use a stay-and-abeyance procedure while he attacks the three convictions, (9) his plea was not knowing, intelligent, and voluntary because the predicate offenses were not specified in the plea agreement or on the record, and (10) appellate counsel was ineffective for failing to raise several of the grounds on appeal.  (ECF No. 109).  For relief, he sought resentencing without the ACCA enhancement.

Furthermore, if relief is granted, the Government seeks a resentencing under the sentencing package doctrine, so that the court can consider imposing consecutive rather than concurrent sentences to reach the same result. The Government also contends that Petitioner failed to exercise due diligence in acting to vacate his 1994 conviction for distribution of cocaine.[3]

## II. MOTION FOR RECONSIDERATION

A motion for reconsideration, particularly one filed within 28 days of the judgment, may be granted to prevent manifest injustice.[4] This is not a successive application masquerading as a motion for reconsideration. *United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003), *abrogated in part on other grounds by United States v. McRae*, 793 F.3d 392 (4th Cir. 2015). Rather, this is "a motion seeking a remedy for some defect in the collateral review process." *Id.* The court recognizes that its opinion purporting to resolve the first § 2255 petition was incomplete because it failed to recognize that additional issues

---

[3] In its response to Mr. Williams' original § 2255 motion, the Government said the court did not need to stay this proceeding pending adjudication of the coram nobis proceeding because "the Petitioner would be permitted to file an additional motion under § 2255 in that instance." (ECF No. 113, at 14).

[4] Although entered on the docket as of December 27, 2017, the motion is dated December 18, and the envelope appears to be date stamped December 20. Thus, by virtue of the prison mailbox rule, the motion is deemed filed well within the time for a Rule 59 motion.

raised before amendment remained active, and because Mr. Williams sought a delay in processing so that he could attempt to complete the coram nobis proceedings.  The Government, as noted above, has not responded to the motion for reconsideration and thus has voiced no objection.  Accordingly, the motion for reconsideration IS GRANTED, and consideration of the first § 2255 motion is reopened.  Thus, the additional § 2255 motion (ECF No. 140) and motion for leave to amend (ECF No. 150) will be treated as requests to amend the initial § 2255 motion.

When a motion is amended, the proposed new claims relate back to the filing of the original.  Fed.R.Civ.P. 15(c); *United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000).  Thus, inasmuch as the first § 2255 motion was timely, sought to challenge the armed career criminal status, and even challenged the validity of the 1994 convictions, the claims in the new motion, construed as a motion for leave to amend, and the counseled motion for leave to amend present timely claims for adjudication.

**III. STANDARD OF REVIEW**

Under 28 U.S.C. § 2255, "[a] prisoner in custody" may seek to vacate, set aside, or correct his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was

in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" This language, "somewhat lacking in precision," *United States v. Foote*, 784 F.3d 931, 936 (4th Cir. 2015), has been interpreted by the Supreme Court such that:

> [I]f the alleged sentencing error is neither constitutional nor jurisdictional, a district court lacks authority to review it unless it amounts to "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis* [*v. United States*, 417 U.S. 333, 346 (1974)] (internal quotation marks omitted.) This standard is only satisfied when a court is presented with "exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." *Hill v. United States*, 368 U.S. 424, 428 [] (1962) (internal quotation marks omitted.)

In *United States v. Jones*, 914 F.3d 893, 899 (4th Cir. 2019), the United States Court of Appeals for the Fourth Circuit summarized the legal landscape:

> A prisoner is entitled to § 2255 relief if he can "show that his sentence is unlawful." See *United States v. Hodge*, 902 F.3d 420, 426 (4th Cir. 2018); see also 28 U.S.C. § 2255(b)(recognizing that movant is entitled to § 2255 relief is his sentence "was not authorized by law"). As pertinent here, "[a] sentence is unlawful within the meaning of § 2255 when it was enhanced under the ACCA based on three ACCA predicate convictions and one or more of those predicates [becomes] invalid." See *Hodge*, 902 F.3d at 426. Put succinctly, an ACCA-enhanced sentence is illegal if a retroactive change in the applicable law leaves the enhancement unsupported by the necessary three predicate convictions. See *United States v. Newbold*, 791 F.3d 455, 460 (4th Cir. 2015) (explaining that "there are serious, constitutional, separation-of-powers concerns that attach to sentences above the statutory maximum penalty authorized by Congress" (internal quotation marks omitted)).

7

**IV. ANALYSIS**

The Government argues that the sentence(s) here are not unlawful because, with two counts of being a felon in possession, Mr. Williams was eligible to be sentenced to 240 months, consisting of 120 months on each, to run consecutively. It provides no case authority to support that argument. The United States Court of Appeals for the Eighth Circuit rejected an argument like the one made by the Government here. *Cravens v. United States*, 894 F.3d 891 (8th Cir. 2018). Just because the district court "could have" imposed the same sentence by running sentences on each count consecutively did not negate the showing that an improperly enhanced ACCA sentence is in excess of the statutory maximum and in that case, imposed in violation of the constitution, unless the error was harmless. *Id.* at 893. There the prior convictions were invalidated as ACCA predicates based on the Supreme Court's holding in *Johnson v. United States* that the residual clause is unconstitutionally vague. *Id.* Here, the reason for the invalidation of Mr. Williams' prior state court conviction may not have been on constitutional grounds. The sentence here remains in excess of the statutory maximum, however. The Government does not argue that the error was harmless.

Because Mr. Williams has established that the sentence on each count is in excess of the statutory maximum and thus

unconstitutional, he does not also need to show that the sentence was a miscarriage of justice. Nor is it necessary to address the due diligence argument, although Mr. Williams would easily meet that standard. Because the court has reopened the initial motion, and permitted amendment, there is no timeliness issue. In any event, as pointed out over several of the memoranda, Mr. Williams has been complaining about and seeking to file coram nobis petitions for a long time, even before he pleaded guilty. He repeatedly asked counsel in this court to assist, without success. He ultimately filed on his own, notified this court in a timely fashion that he had done so, and ultimately prevailed in having one of the convictions vacated.

In light of this ruling, it appears that all of Mr. Williams' other claims are moot. The only relief he has sought throughout is resentencing without the ACCA designation. He has not sought, independent of the ACCA designation, to withdraw his guilty plea.

**V. CONCLUSION**

For the foregoing reasons, the motions to vacate sentence will be granted and the case will be set for resentencing. A separate order will follow.

              /s/
DEBORAH K. CHASANOW
United States District Judge